Daniel J. Wadley (Utah State Bar No. 10358)
wadleyd@sec.gov
Thomas M. Melton (Utah State Bar No. 4999)
meltont@sec.gov
Lindsay S. McCarthy (Utah State Bar No. 5216)
mccarthyl@sec.gov
Attorneys for Plaintiff
Securities & Exchange Commission
15 West South Temple, Suite 1800
Salt Lake City, Utah 84101
Telephone: 801-524-5796
Facsimile: 801-524-5262

```
                FILED
         U.S. DISTRICT COURT

         2012 JUN 28  P 2: 45

           DISTRICT OF UTAH

         BY:_____
              DEPUTY CLERK
```

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> PLAINTIFF, <br><br> v. <br><br> COPPER KING MINING CORP., a Nevada Corporation, MARK D. DOTSON, ALEXANDER LINDALE, LLC, a Minnesota limited liability company, WILFORD R. BLUM, AND STEPHEN G. BENNETT, <br><br> DEFENDANTS. | Case No: 2:11-cv-00526-SA <br><br> Magistrate Judge: Samuel Alba |

## FINAL JUDGMENT AS TO DEFENDANTS WILFRED R. BLUM AND ALEXANDER LINDALE, LLC

The Securities and Exchange Commission having filed a Complaint and Defendants Wilfred R. Blum and Alexander Lindale, LLC (collectively "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the

allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C § 78o(a)] by, directly or indirectly make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered in accordance with Section 15(b) of the Securities Act.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1]. Defendant may purchase and sell stock if done specifically and exclusively for his own account, so long as such purchase and sale, and/or related activity, would not otherwise be barred by the foregoing.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are, jointly and severally, liable for disgorgement of $3,291,352, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $557,218.33. Defendants shall satisfy this obligation by paying $3,848,870.33 to the Securities and Exchange Commission within 14 days after either entry of this Final Judgment or final determination by the Court of the civil penalty provided in Section V, below, whichever is later.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Wilfred Blum as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

4

of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment or final determination by the Court of the civil penalty provided in Section V, below, whichever is later. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Wilfred R. Blum shall pay a civil penalty in an amount to be determined by the court, to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act. Defendant shall make this payment within 14 days after final determination by the Court of the civil penalty amount.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Wilfred Blum as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _June_, _27_, _2012_

UNITED STATES ~~DISTRICT~~ Magistrate JUDGE